**James P. KIRBY, Plaintiff,**

v.

**Richard LARGO, Defendant.**

**No. 91–C–1993.**

United States District Court,
D. Colorado.

March 31, 1992.

James Kirby, pro se.

Theodore S. Halaby, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff James Kirby commenced this action asserting claims under 42 U.S.C. § 1983 for alleged denial of his First Amendment right to free expression. Pursuant to Fed.R.Civ.P. 56, the defendant Richard Largo, Chief Marshall for the Town of Crested Butte, has moved for summary judgment asserting the defense of qualified immunity. Plaintiff has responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not be helpful. Jurisdiction exists under 28 U.S.C. § 1332.

### I. Background.

On October 23, 1989, Kirby went to the town hall in Crested Butte, Colorado. He noticed a red ribbon posted in the town hall that he understood to be a symbol of a campaign for a drug free lifestyle.

Plaintiff approached Linda Petito, an employee at the town hall, to ask about the ribbon and to voice his objection to the ribbon and the message it conveyed. Kirby then removed the ribbon from the wall and asked Petito to keep the ribbon out of sight and return it to its owner. Petito refused, and replaced the ribbon on the wall. Kirby again removed the ribbon. At this time Petito called for the defendant Largo, the Town Marshall. Kirby then attempted to leave, and told Petito to tell Largo to meet him at a local restaurant. Petito, aided by another town hall employee, Heidi Morris, attempted to prevent the plaintiff from leaving until Largo appeared. A scuffle ensued. Water was

spilled, and Kirby's glasses were broken. Morris suffered a bruised leg.

Kirby surrendered the ribbon to Petito, and then left the Town Hall. On his way out, he met Largo, and asked him to pursue assault charges against Petito and Morris. Largo obtained statements from the participants in the scuffle and other witnesses. Kirby later went to talk to Largo, and told Largo that he was not going to pursue charges against Petito and Morris. Largo informed Kirby that he would be charged with theft, disorderly conduct and assault. Kirby eventually pleaded no contest to a charge of fighting in a public place. Thereafter, Kirby filed this § 1983 action.

### II. Qualified Immunity.

Largo argues that he is entitled to qualified immunity. Kirby responds that Largo denied Kirby his clearly established First Amendment right to free expression by pursuing criminal charges against Kirby in retaliation for the "protected speech" of removing the ribbon.

Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). A plaintiff may overcome asserted qualified immunity by showing that the constitutional right alleged to have been violated was clearly established at the time of the conduct in issue. *Stewart v. Donges*, 915 F.2d 572, 581 (10th Cir.1990). Whether the law was clearly established is for the court to determine. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738.

Once a defendant asserts qualified immunity, "[t]he plaintiff carries the burden of convincing the court that the law was clearly established." *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir.1988). Plaintiff's burden cannot be met merely by identifying in the abstract a clearly established right and then alleging that the defendant violated that right. *Id.*

Kirby, in support of his position that Largo violated his First Amendment rights, sets forth only the most basic, general propositions of First Amendment jurisprudence. He asserts that once a forum is open, the government may not grant use of that forum to only those ideas it finds acceptable. Kirby then argues that his action in removing the ribbon from the wall constituted nonverbal expression to which First Amendment protection applies.

I conclude that Kirby's conclusory and nonspecific assertions are insufficient to overcome the defendant's qualified immunity defense. *Losavio*, 847 F.2d at 650. Kirby has not cited, nor can I find, any case with similar facts supporting Kirby's position that his act of removing the ribbon from the wall constituted protected speech. Plaintiff has not alleged the violation of a constitutional right, much less a *clearly established* constitutional right.

Accordingly, IT IS ORDERED that:

(1) Defendant Richard Largo's motion for summary judgment is granted; and

(2) Plaintiff James Kirby's claims and action against Richard Largo are dismissed.